IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOBBY JAMES BROWN,

   *Petitioner*,

v.

UNITED STATES OF AMERICA,

   *Respondent*.

Criminal Action No. ELH-00-0100
Related Civil No.: ELH-18-2408

**MEMORANDUM OPINION**

This Memorandum Opinion resolves multiple post-conviction motions filed by or on behalf of Bobby James Brown. He is currently serving a sentence of life plus 30 years, imposed in 2001 by Judge Andre Davis.[1]

While Brown was self-represented, he filed correspondence that was docketed as a motion for retroactive application of sentencing guidelines under 18 U.S.C. § 3582(c). ECF 364. In addition, he filed a pro se motion to vacate under 28 U.S.C. § 2255 (ECF 369), supported by a memorandum of law. ECF 369-1. Counsel was subsequently appointed for Brown. ECF 376; *see also* ECF 359; ECF 361; ECF 362. Through counsel, Brown filed a "Motion For Imposition Of A Reduced Sentence Pursuant To Section 404 of The First Step Act." ECF 384. It is supported by several exhibits.

I shall refer to the motion to vacate (ECF 369) as the "Petition." And, I shall refer to ECF 364 and ECF 384 collectively as the "Motion."

The government filed a combined opposition to ECF 364 and ECF 369, docketed at ECF

---

[1] Upon Judge Davis's elevation to the Fourth Circuit, the case was reassigned to Judge J. Frederick Motz. It was reassigned to me on August 7, 2018, due to the retirement of Judge Motz. *See* Docket.

374. The government also responded to the Motion. ECF 393. Brown has replied. ECF 403; ECF 404. And, with leave of court (ECF 407), the government filed a surreply. ECF 406. In sum, the government agrees that Brown is entitled to a sentence reduction, but it disagrees with the extent of Brown's sentencing reduction request. The parties also disagree as to whether the Court is entitled to conduct a plenary resentencing.

No hearing is necessary to resolve these matters. For the reasons that follow, I shall grant the Motion in part and deny the Petition.

## I. Factual and Procedural Background

Brown and several others were charged with drug and firearms offenses in an Indictment filed on March 7, 2000. ECF 1.[2] A Superseding Indictment followed on August 8, 2000. ECF 30. And, a Second Superseding Indictment was filed on February 6, 2001, charging Brown and four others. ECF 88. In particular, Brown was charged in four of eleven counts, as follows: conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine, and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 and § 841(b)(1)(A) (Count One); and using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts Six, Seven, and Eight).

Bobby Brown, Julius Brown, and Thomas Carter proceeded to a jury trial that began on April 30, 2001, before Judge Andre Davis. *See* Docket. The jury returned its verdict on June 5, 2001. Of relevance here, Brown was convicted of Counts One, Seven, and Eight, and he was

---

[2] As a review of CM/ECF indicates, electronic availability of the court filings does not begin until June 2008, with ECF 267. However, I have reviewed the Chambers files retained by both judges who previously handled Mr. Brown's case. And, I recently docketed, under seal, the Presentence Report that I located in Judge Davis's file. *See* ECF 394. In addition, at the Court's request, counsel has submitted a copy of the sentencing transcript (ECF 397) and the Statement of Reasons. ECF 397-1.

found not guilty as to Count Six.[3] In addition, the jury made findings as to the drug quantities attributable to Brown. It determined that Brown's Count One conviction involved 100 grams or more of heroin, 50 grams or more of cocaine base, and no powder cocaine. *Id.*

Judge Davis conducted sentencing on August 16, 2001. *See* ECF 397 (Transcript). At the time of sentencing, defendant was 27 years of age. *See* ECF 394 at 1.

Count One, by statute, required a mandatory minimum sentence of ten years' imprisonment, and carried a maximum term of life imprisonment. The Presentence Report (ECF 394, "PSR"), prepared prior to *United States v. Booker*, 543 U.S. 221 (2005), reflected a Sentencing Guidelines range for Count One of life imprisonment. By statute, Count Five required a mandatory, consecutive sentence of five years' imprisonment, and Count Eight required a mandatory, consecutive sentence of 25 years' incarceration.

According to the PSR (ECF 394), Brown had a base offense level of 38 for Count One, the drug conspiracy count, pursuant to § 2D1.1(c)(1) of the U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines"). *Id.* ¶ 17. However, in determining Brown's Guidelines range for Count One, the PSR applied the murder cross-reference provision, based on the first-degree murder of Douglas Pennix in 1999. *Id.* ¶ 18.[4] Judge Davis agreed. He found that Brown had a base offense level of 43, pursuant to U.S.S.G. § 2D1.1(d)(1) and § 2A1.1. In particular, U.S.S.G. § 2D1.1(d)(1) states: "If a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111, had such killing taken place within the territorial or maritime jurisdiction of the United States, apply § 2A1.1."

Brown also received a four level enhancement under U.S.S.G. § 3B1.1(a) for his role as an

---

[3] Codefendants Julius Brown and Thomas Carter were also convicted of several counts.

[4] Apparently, Mr. Pennix was shot in the back. ECF 397 at 34.

3

organizer or leader in the offense, which involved five or more participants. ECF 394, ¶ 20; ECF 397 at 43. And, Brown received a two-level enhancement under § 3C1.1, for obstruction of justice. ECF 394, ¶ 21; ECF 397 at 44. Given that Brown went to trial, he did not earn deductions for acceptance of responsibility. Thus, Brown had a total offense level of 49 for Count One. ECF 394, ¶ 22. And, as noted, by statute Counts Seven and Eight required mandatory, consecutive sentences of five years and 25 years, respectively, totaling 30 years. ECF 394, ¶¶ 26, 28.

According to the Presentence Report, Brown had a Criminal History Category of V, based on points. ECF 394, ¶ 39. But, the PSR determined that he was a career offender, for which his Criminal History Category was increased to VI. *Id.* ¶ 40. However, Judge Davis rejected the career offender designation and found a Criminal History Category of IV. *See* ECF 397 at 44; ECF 397-1 (Statement of Reasons) ("The court adopts the factual findings and guidelines application in the presentence report except . . .: Defendant is not a career offender.").

As noted, Judge Davis applied the murder cross-reference. ECF 397 at 29-32. The applicable sentencing Guidelines range for Count One was life imprisonment, with a total mandatory consecutive sentence of 30 years' imprisonment as to Counts Seven and Eight. ECF 394, ¶¶ 50-51. And, Judge Davis imposed a term of life imprisonment as to Count One, a mandatory term of five years, consecutive, as to Count Seven, and a mandatory term of 25 years, consecutive, as to Count Eight. This resulted in a total sentence for Brown of life imprisonment plus 30 years. ECF 170.

Brown's conviction and sentence were affirmed on direct appeal. ECF 215; *United States v. Brown*, 70 F. App'x 99, 104 (4th Cir. 2003) (per curiam). The Supreme Court subsequently denied certiorari. *See United States v. Brown*, 540 U.S. 1011 (2003).

On July 19, 2004, Brown filed his first motion to vacate under 28 U.S.C. § 2255. ECF 217.

Brown supplemented his submission a few weeks later. ECF 219. The government filed an opposition. ECF 220. Brown replied. ECF 221.

By Memorandum and Order of April 13, 2006, Judge Davis denied the motion to vacate. ECF 235; ECF 236. Brown noted an appeal. ECF 239. He also sought a Certificate of Appealability (ECF 240), which Judge Davis denied. ECF 242. In a Judgment of December 27, 2006, the Fourth Circuit denied the Certificate of Appealability and dismissed the appeal. ECF 248. The mandate issued on April 4, 2007. ECF 250.

Brown moved for a sentence reduction on September 8, 2008. ECF 274. On September 9, 2008, the Court appointed the federal public defender to make a preliminary review of Brown's eligibility for a sentence reduction based on Amendment 706. ECF 277. The public defender subsequently sought to withdraw (ECF 290), and Judge Davis granted that motion. ECF 291. And, in an Order of April 13, 2009 (ECF 292), Judge Davis denied ECF 274, *i.e.*, the sentence reduction motion.

Brown filed another motion for sentence reduction on April 22, 2009. ECF 293. Judge Davis denied that motion on the same date. ECF 294. The Fourth Circuit affirmed in a per curiam opinion issued on June 25, 2010. ECF 307. The mandate followed on July 19, 2010. ECF 308.

Then, on May 24, 2012, through counsel, Brown filed another motion for reduction of sentence. ECF 324. Judge Motz denied that motion on July 25, 2014. ECF 346. He stated that Brown was "ineligible for relief under the 'crack' amendments because he was convicted of heroin distribution with a murder cross reference . . . ." *Id.* Brown moved to alter or amend (ECF 349), and Judge Motz denied that request. ECF 354. The Fourth Circuit denied mandamus relief on November 18, 2015. ECF 358.

In September 2016, Brown again moved for a sentence reduction. ECF 364. Then, in

5

August 2018, he filed the pending Petition under 28 U.S.C. § 2255. ECF 369. In sum, Brown argues that the sentencing court erred in applying the murder cross-reference provision under U.S.S.G. § 2D1.1(d)(1) to calculate his base offense level, because Brown was found not guilty with respect to the charge. *Id.* As to the Petition, the government asserts that it is procedurally barred as untimely, successive, and without merit. ECF 374 at 2-3.

On April 24, 2019, the Court appointed the Federal Public Defender to represent Brown in proceedings pursuant to Section 404 of the First Step Act of 2018. ECF 376. On December 2, 2019, counsel filed a motion to reduce sentence pursuant to Section 404 of the First Step Act (ECF 384), with exhibits.

## II. The Petition

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. §2255, Congress imposed "stringent limitation[s] on a federal prisoner's ability to bring a 'second or successive' post-conviction motion pursuant to § 2255." *United States v. Emanuel*, 288 F.3d 644, 647 (4th Cir. 2002). First, the AEDPA requires that a successive § 2255 motion "must be certified . . . by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h); *see also United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008). Second, the court of appeals may only certify a successive § 2255 motion if the petitioner (1) has newly discovered evidence or (2) relies "on a new rule of constitutional law that the Supreme Court has made retroactively applicable to collateral proceedings." *Emmanuel*, 288 F.3d at 647; *see also* 28 U.S.C. § 2255(h).

Under 28 U.S.C. § 2255(h), the United States Court of Appeals for the Fourth Circuit must certify Brown's entitlement to file a second or successive petition under 28 U.S.C. § 2255. *See Swain v. Pressley*, 430 U.S. 377 (1977); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Section 225(h) states:

6

A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate Court of Appeals to contain – (1) newly discovered evidence that, if proven in view of in light of the evidence as a whole, would be sufficient to establish a clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not satisfied the threshold requirement for a successive Petition. Without the requisite pre-filing authorization, "the district court lacks jurisdiction to consider a [successive] application . . . ." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Therefore, I shall deny the Petition filed under 28 U.S.C. § 2255, without prejudice to the right of Mr. Brown to seek the requisite authorization to file a successive post-conviction petition.

### III. The Motion

#### A.

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Jackson,* ___ F.3d ___, 2020 WL 1140939, at *1 (4th Cir. Mar. 10, 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, a district court may modify a previously imposed sentence when modification is "expressly permitted by statute. . . ." 18 U.S.C. § 3582(c)(1)(B). Section 3582(c)(1)(B) of Title 18 of the United States Code provides: "The court may not modify a term of imprisonment once it has been imposed except that – (1) in any case – . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." And, modification is permitted for a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ." 18 U.S.C. § 3582(c)(2); *see*

7

*United States v. Smalls*, 720 F.3d 193, 195-96 (4th Cir. 2013).[5]

The First Step Act of 2018 ("2018 FSA"), Pub. L. No. 115-015, § 404, 132 Stat 015, 015 (2018), expressly authorizes the modification of a previously imposed sentence for a defendant affected by the statutory changes to the penalty ranges for crack cocaine offenses. *See Jackson*, 2020 WL 1140939, at *1. Brown seeks a sentence reduction under Section 404 of the 2018 FSA.

Section 404 of the 2018 FSA "makes retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010)." *Jackson*, 2020 WL 1140939, at *1. In turn, the Fair Sentencing Act of 2010 ("2010 FSA"), which took effect on August 3, 2010, "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016); *see Dorsey v. United States*, 567 U.S. 260, 264 (2012).

Section 404 of the 2018 FSA provides:

**SEC. 404. Application of Fair Sentencing Act.**

(a) Definition of covered offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) Defendants previously sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) Limitations.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of

---

[5] "[A] sentence modification is not a plenary resentencing proceeding." *Martin*, 916 F.3d at 396 (internal quotation marks omitted).

enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

The procedural framework that applies to motions under Section 404 is found in 18 U.S.C. § 3582(c)(1)(B). *See United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019) (concluding that § 3582(c)(1)(B) is "the appropriate vehicle" for a 2018 FSA motion). Thus, eligible defendants may seek to reduce their sentences, pursuant to 18 U.S.C. § 3582(c)(1)(B).

The 2010 FSA reduced the disparity in the treatment of cocaine base ("crack") and powder cocaine offenses from 100-to-1 to 18-to-1. *See Dorsey*, 567 U.S. at 264. Under Section 2 of the 2010 FSA, the sentencing range for possession with intent to distribute less than 28 grams of cocaine base is zero to 20 years imprisonment; the sentencing range for possession with the intent to distribute more than 28 grams but less than 280 grams of cocaine base is 5 to 40 years of imprisonment; and the sentencing range for possession with the intent to distribute more than 280 grams of cocaine base is 10 years to life imprisonment. Section 3 of the Fair Sentencing Act, which is not at issue here, eliminated the mandatory minimum sentence for simple possession. Therefore, under the 2010 FSA, Congress increased the threshold quantities needed to trigger any mandatory sentencing ranges associated with crack cocaine offenses. *See Dorsey*, 567 U.S. at 269.

Section 404 of the 2018 FSA makes the provisions of the 2010 FSA retroactive to and available to defendants who were sentenced before August 3, 2010. Therefore, the threshold crack-cocaine quantities of the 2010 FSA apply to defendants, such as Brown, who were sentenced under the pre-amendment statutory framework.

Of relevance here, the 2018 FSA permits, but does not compel, a district judge to reduce a defendant's sentence, as if the 2010 FSA were in effect when the defendant committed the offense. Section 404(c) expressly provides that any relief is discretionary. ("Nothing in this section shall

enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

The procedural framework that applies to motions under Section 404 is found in 18 U.S.C. § 3582(c)(1)(B). *See United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019) (concluding that § 3582(c)(1)(B) is "the appropriate vehicle" for a 2018 FSA motion). Thus, eligible defendants may seek to reduce their sentences, pursuant to 18 U.S.C. § 3582(c)(1)(B).

The 2010 FSA reduced the disparity in the treatment of cocaine base ("crack") and powder cocaine offenses from 100-to-1 to 18-to-1. *See Dorsey*, 567 U.S. at 264. Under Section 2 of the 2010 FSA, the sentencing range for possession with intent to distribute less than 28 grams of cocaine base is zero to 20 years imprisonment; the sentencing range for possession with the intent to distribute more than 28 grams but less than 280 grams of cocaine base is 5 to 40 years of imprisonment; and the sentencing range for possession with the intent to distribute more than 280 grams of cocaine base is 10 years to life imprisonment. Section 3 of the Fair Sentencing Act, which is not at issue here, eliminated the mandatory minimum sentence for simple possession. Therefore, under the 2010 FSA, Congress increased the threshold quantities needed to trigger any mandatory sentencing ranges associated with crack cocaine offenses. *See Dorsey*, 567 U.S. at 269.

Section 404 of the 2018 FSA makes the provisions of the 2010 FSA retroactive to and available to defendants who were sentenced before August 3, 2010. Therefore, the threshold crack-cocaine quantities of the 2010 FSA apply to defendants, such as Brown, who were sentenced under the pre-amendment statutory framework.

Of relevance here, the 2018 FSA permits, but does not compel, a district judge to reduce a defendant's sentence, as if the 2010 FSA were in effect when the defendant committed the offense. Section 404(c) expressly provides that any relief is discretionary. ("Nothing in this section shall

be construed to require a court to reduce any sentence pursuant to this section."); *see United States v. Jackson*, 2020 WL 1140939, at *7 (noting that the district court "was not obligated" to reduce the sentence nor must a reduction based on revised guidelines correspond in proportion to an earlier guidelines sentence); *see also Chavez-Meza v. United States*, ___ U.S. ___, 138 S. Ct. 1959, 1966 (2018) (stating that at a resentencing based on a change in the Guidelines range, the judge need not impose a sentence proportional to the sentence imposed under the earlier Guidelines range).

To summarize, the 2018 FSA authorizes courts, in their discretion, to reduce the sentences of eligible persons to the extent that their sentences would have been different if Sections 2 and 3 of the 2010 FSA had applied at the time of the initial sentencing. But, a district court is not required to grant such relief. *United States v. Venable*, 943 F.3d 187, 194, n.10 (4th Cir. 2019); *cf. United States v. Sellers*, 776 F. App'x 143 (4th Cir. 2019) (per curiam).

The parties dispute whether the court may hold a plenary resentencing. As the government sees it, the 2018 FSA authorizes "a limited adjustment to an otherwise final sentence." ECF 406 at 4. Petitioner concedes: "It remains an open question in this Circuit whether Section 404 authorizes a plenary resentencing." ECF 403 at 4. And, of significance, he acknowledges that a plenary resentencing is not required. *See*, *e.g.*, ECF 403 at 1 (stating that "the Court can opt to hold a plenary resentencing" in order to apply current law and avoid the prior stacking of § 924(c) sentences).

If the Court declines to hold a plenary resentencing, Brown seeks a sentence reduction to a total of 35 years. ECF 404 at 1 (5 days for Count One, 5 years for Count Seven, and 25 years for Count Eight). This would leave intact the mandatory sentences of five years and 25 years, consecutive, as to Counts Seven and Eight. If the Court were to hold a plenary hearing, however, Brown contends that the sentence for Count Eight could be reduced to today's mandatory

minimum of five years. In that circumstance, he seeks a total sentence of 24 years (14 years for Count One, five years for Count Seven, and five years for Count Eight). ECF 403 at 1.

As noted, the government agrees that Petitioner is eligible for a sentence reduction, pursuant to the 2018 FSA. ECF 393 at 6. But, it disagrees with Brown's request; it seeks the statutory maximum of 40 years for Count One, plus 30 years, consecutive, for the two § 924(c) convictions. ECF 393 at 7.

It appears that the majority of courts have declined to conduct plenary resentencing proceedings, electing instead merely to recalculate the Guidelines. *See* ECF 406 at 2-3 (collecting cases); *see*, *e.g.*, *United States v. McKinney*, 382 F. Supp. 3d 1163, 1165-69 (D. Kan. 2019); *United States v. Sampson*, 360 F. Supp. 3d 168, 170 (W.D.N.Y. 2019); *United States v. Bellamy*, No. 4:06-CR-01001-TLW-2, 2019 WL 6524648, at *2 (D.S.C. Dec. 4, 2019); *see also United States v. Cruz*, No. 1:95-CR-204, 2019 WL 3070562, at *4-5 (M.D. Pa. July 12, 2019) (collecting authority and concluding that "[t]his court concurs with the government and the numerous other courts . . . which have held that no plenary resentencing is required regarding a motion for reduction of sentence under § 404(b)"); *United States v. Lawson*, No. 1:03CR398, 2019 WL 1959490, at *3 (N.D. Ohio May 2, 2019) ("[N]othing in the First Step anticipates a full re-sentencing with application of laws and guidelines that have changed since a defendant's original sentencing, other than the retroactive application of the reduced penalties for crack cocaine set out in the Fair Sentencing Act."); *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921 (D.S.C. Apr. 15, 2019); *United States v. Davis*, 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y., Mar. 6, 2019); *United States v. Potts*, No. 2:98-cr-14010-Rosenberg, 2019 WL 1059837, at *2 (S.D. Fla., Mar. 6, 2019).

I need not decide the issue of the availability of a resentencing proceeding. This is because I am satisfied that a resentencing hearing is neither necessary nor warranted.

**B.**

As noted, Petitioner was charged with conspiracy to distribute and possess with intent to distribute narcotics, in violation of 21 U.S.C. § 846. ECF 88. At that time, 21 U.S.C. § 841(b)(1)(A) provided, in part: "[I]n the case of a violation of subsection (a) of this section involving –

> (i)  1 kilogram or more of a mixture or substance containing a detectable amount of heroin;
>
> (ii)  5 kilograms or more of a mixture or substance containing a detectable amount of [cocaine]; [or]
>
> (iii)  50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;[6]
>
> . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . .

The jury determined as to Brown that Count One involved 100 grams or more of heroin, 50 grams or more of cocaine base, and no powder cocaine. ECF 141. Based on these findings, Brown was subject to the statutory sentencing range for Count One of at least 10 years up to life imprisonment on the basis of 21 U.S.C. § 841(b)(1)(A)(iii), which criminalized 50 grams or more of cocaine base.

Following passage of the 2010 FSA, the quantity of cocaine base necessary to trigger § 841(b)(1)(A)(iii) was increased to 280 grams. *Dorsey*, 567 U.S. at 264. And, it is undisputed that Brown's conviction under Count One is a "covered offense" under the 2018 FSA, for which Brown is eligible for relief. *See* 2018 FSA, Section 404(a) (defining a "covered offense" as "a

---

[6] As discussed above, the 2010 Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(A)(iii) to read: "280 grams or more of a mixture or substance described in clause (ii) which contains cocaine base ...."

12

violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the [2010 FSA] [. . .]."); *see also Peters*, 843 F.3d at 575 (stating that the 2010 FSA "reduced the statutory penalties for cocaine base offenses").

In accordance with the 2018 FSA, Count One now carries a mandatory minimum sentence of five years, rather than ten years, with a maximum term of 40 years, rather than life imprisonment. As the government observes, however, Brown's sentencing guidelines were based on the murder cross-reference at U.S.S.G. § 2A1.1(a). *See* ECF 393 at 6 n.4. The Guidelines are now advisory. And, although the Guidelines call for a life sentence, it is axiomatic that the Court cannot impose a sentence for Count One in excess of the statutory maximum of 40 years.

The government points out that Brown was sentenced to a mandatory consecutive term of 30 years (360 months) for the two firearms offenses (Counts Seven and Eight). And, although the law has since changed as to sentencing for those offenses, the changes are not retroactive. Further, Petitioner's applicable guidelines range of life imprisonment for Count One is unchanged, due to the murder cross-reference that was applied. *Id.* at 7. In its view, Brown's "offense conduct militates for a more serious penalty than he now requests." *Id.* The Government seeks an aggregate term of 70 years' imprisonment. ECF 393 at 7.

At the relevant time, a defendant could be convicted of multiple § 924(c) charges at the same time, resulting in one five-year sentence and a mandatory minimum penalty of 25 years, consecutive, for each subsequent § 924(c) offense. *See United States v. Jordan*, ___ F.3d ___, 2020 WL 1022420, at *8 (4th Cir. March 3, 2020). As to Brown's two convictions under 18 U.S.C. § 924(c), for Counts Seven and Eight, Judge Davis was required to impose five and 25 year consecutive sentences, respectively.

Section 403(a) of the 2018 First Step Act amended the language of 18 U.S.C. § 924(c)(1)(C) by striking a "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final." Therefore, the amendment has effectively eliminated the procedure of "stacking" multiple § 924(c) charges for the purpose of enhancing the penalties associated with "second or subsequent" § 924(c) convictions within the same indictment. *Id.* Under the now-amended statute, the enhanced mandatory minimum applies only if the prior qualifying § 924(c) conviction was made final before the new violation occurred. That was not the posture at the time of Brown's sentencing.

In other words, the 2018 FSA amended § 924(c), so that it "no longer applies to multiple § 924(c) convictions obtained in a single prosecution." *Jordan*, 2020 WL 1022420, at *8. This provision, however, is not retroactive. *See* 2018 FSA, Section 403(a), (b); *see also Jordan*, 2020 WL 1022420, at *9. Therefore, those offenses are not "covered offenses" under Section 404 of the 2018 FSA. Indeed, the 2018 FSA has no bearing on those crimes. And, at the relevant time, it is undisputed that Judge Davis was statutorily required to impose the sentences Brown received.

Because Section 403 is not retroactive, it provides no basis to support a sentence reduction for Counts Seven and Eight, below the previously imposed mandatory minimum sentences. *See United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 285 (2019); *see also United States v. Brooks*, 788 F. App'x 213, 214 (4th Cir. 2019) (stating that "'[t]he district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentence Act'") (quoting *Hegwood*, 934 F.3d at 418).

But, as a result of the 2018 First Step Act, Petitioner's maximum statutory penalty for Count One cannot exceed 40 years. Petitioner's life sentence as to Count One far exceeds that statutory maximum. And, I am mindful that, if Brown were sentenced today, he would face a maximum total sentence of 50 years' imprisonment for the three counts of conviction. In my view, I may consider that maximum as I endeavor to impose a reasonable sentence for Count One, which is the only count subject to revision.

In *Dillon v. United States*, 560 U.S. 817, 827 (2010), the Supreme Court stated that the court is required "to follow the Commission's instruction in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." As part of the process, the court is required to "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

I agree with other judges who have ruled that, on resentencing, the court should consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate discretionary reduction of sentence. *See*, *e.g.*, *United States v. Logan*, CCB-10-203, ECF 53, 2019 WL 3391618, at *1 (D. Md. July 26, 2019); *United States v. Rose*, 379 F. Supp. 3d 223, 231 (S.D.N.Y. 2019); *United States v. Mitchell*, Cr-05-00110 (EGS), 2019 WL 2647571, at *7-8 (D.D.C. June 27, 2019). This extends to relevant evidence, even if such evidence was not "presented at the initial [sentencing] hearing." *United States v. Rumley*, ___ F.3d ___, 2020 WL 1222681, at *4 (4th Cir. Mar. 13, 2020) (addressing a § 2255 petition in the context of a predicate offense under the ACCA); *see Pepper v. United States*, 562 U.S. 476, 490-91 (2011). Moreover, the court "must conduct 'an individualized assessment of the facts and arguments presented.'" *United States v. Torres-Reyes*,

___ U.S. ___, 2020 WL 986682, at *2 (4th Cir. Mar. 2, 2020) (quoting *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017)) (cleaned up).

Section 3553(a) provides that "[t]he court shall impose a sentence sufficient, but not greater than necessary," to comply with the purposes described in § 3553(a)(2):

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The court should also consider, *inter alia,* "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Additionally, the court may consider an eligible defendant's post-sentencing conduct in determining whether relief is appropriate. *See generally Pepper*, 562 U.S. 476. And, as noted, I am mindful that, if Brown were sentenced today, he could not receive the 30-year sentence for the two convictions under 18 U.S.C. § 924(c). Rather, if sentencing were held today, he would face a total of 10 years for those convictions. *See Dean v. United States*, ___ U.S. ___, 137 S. Ct. 1170 (2017).

At the time of the offense, the defendant was on probation for a felony drug offense. The offense here occurred less than two years after defendant's release from prison for a felony drug offense. *See* ECF 394, ¶¶ 37, 38.

At trial and at sentencing, the government maintained that defendant was a leader of a dangerous drug trafficking organization and that he and his codefendants used violence during the course of the drug conspiracy. ECF 394, ¶¶ 8, 9. And, the government claimed that multiple firearms were used during the conspiracy. *See* ECF 393 at 11.

Judge Davis found that the defendant was a leader of the drug organization. He also applied the murder cross-reference under U.S.S.G. § 2D1.1(d)(1).

Like Judge Davis, I am aware that two juries concluded that the government did not prove beyond a reasonable doubt that defendant was involved in the Pennix murder. *See* ECF 397 at 29-31. But, in applying the cross-reference, Judge Davis was mindful of the fact that the jury in federal court was not allowed to consider incriminating statements of J.B., captured on "tapes," which implicated Brown in a "cold-blooded murder." *See id.* at 31. And, Judge Davis expressed his view that this accounted for the jury's acquittal of the defendant on Count Six. *Id.* He was satisfied, by clear and convincing evidence, that application of the murder cross-reference was appropriate under § 2D1.1(d)(1) of the Guidelines. *Id.*

Notably, Brown argued on appeal that he was sentenced for a murder that was not proved to a jury, beyond a reasonable doubt. *See* Appellate Brief, 2002 WL 3279975, at *22-30. However, on appeal, the Fourth Circuit found this claim "meritless." *See Brown,* 70 F. App'x at 106.

Mr. Brown, who was born in 1973, was just 27 years of age when he was sentenced in 2001. In his allocution, Petitioner denied that he was part of the drug conspiracy. ECF 397 at 46. He complained that "everything is falling on [him]." *Id.* at 47. He added: "The government is just being hard on me. I know why . . . because I'm not a snitch, and I never will be a snitch . . . whatever I do, I do on my own." *Id.* at 47-48. He also complained that the government "tried to make [him] out to be a big murderer . . . ." *Id.* at 49-50.

Brown has been in federal custody for almost 20 years. In that time, he has successfully completed several BOP programs. Moreover, he was described as "professional and courteous at all times" and an "exceptional worker" in an evaluation from a unit manager. ECF 384-2. And,

of particular significance, Brown has had no infractions for about nine years. ECF 384-3. Indeed, the BOP has moved him to a medium security facility.

To his credit, Brown has endeavored to remain involved with his two daughters, one of whom was an infant when he was sentenced. ECF 384 at 17-19. Brown does not acknowledge wrongdoing. Nevertheless, he has shown maturity since his sentencing, as reflected in his words to the Court. He wrote, ECF 384-1:

> I am sorry for my pass [sic] and I accept full responsibility for my pass [sic] action. I pray this Honorable Court have mercy on me. I sincerely apologize to the Court, my family and my community for my pass [sic]. I promise to work everyday towards correcting the wrongs of my pass [sic] and make my community a better place. I know I can be a big help in making a change, because I've seen a big change in myself, that wouldn't have happened, if someone didn't show me the love and have faith in me.

Such remorse, along with defendant's age, is certainly relevant to the risk of recidivism.

In my view, a total sentence of 40 years is sufficient but not greater than necessary to accomplish the objectives of sentencing. Forty years is a long sentence in a system without parole. Because I cannot alter the sentences for the two § 924(c) convictions (Counts Seven and Eight), and with those sentences in mind, I shall reduce the sentence for Count One to 10 years, for a total sentence of 40 years' imprisonment.

## IV.     Conclusion

An amended Judgment and Commitment ("J&C") will issue. However, because of the exigent circumstances resulting from the COVID-19 pandemic, there will be a delay in the issuance of the J&C.


Date:   March 16, 2020                       /s/
                                             Ellen L. Hollander
                                             United States District Judge